UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN,<br>    1600 20th Street, NW<br>    Washington, DC 20009,<br><br>    Plaintiff,<br><br>v.<br><br>CLERK, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA,<br>    333 Constitution Avenue, NW<br>    Washington, DC 20001,<br><br>    Defendant. | Case No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. On April 9, 2006, the civil action filing fee in the United States district courts will increase from $250 to $350. The fee increase is the result of the Deficit Reduction Act of 2005 ("the Act"), Pub. L. No. 109-171, § 10001, 120 Stat. 4, 183, which purports to amend 28 U.S.C. § 1914(a), the statutory provision that states the amount of district court filing fees. The version of the Act passed by the House, however, was not identical to the version passed by the Senate and signed by the President. In this action, plaintiff seeks a declaration that the Act is unconstitutional and an injunction requiring the Clerk of the United States District Court for the District of Columbia to accept for filing civil complaints accompanied by payment of the $250 fee currently required under 28 U.S.C. § 1914(a), on the ground that the Act is invalid because it failed to comply with the Bicameral Clause of the United States Constitution, article 1, section 7.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331.

3. The Court has authority to order the relief requested under 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this Court under 28 U.S.C. § 1391(e).

## PARTIES

5. Plaintiff Public Citizen is a not-for-profit consumer advocacy organization located in Washington, DC. Each year for more than 30 years, Public Citizen has filed suits in the United States district courts, for which it has had to pay a filing fee. In addition, through its litigating arm, Public Citizen Litigation Group, Public Citizen has filed suits on behalf of other plaintiffs and has often paid the filing fee for those plaintiffs, as is permitted for counsel in the District of Columbia. Much of Public Citizen's litigation has been in the United States District Court for the District of Columbia, and Public Citizen is certain that it will file new cases in the United States District Court for the District of Columbia this year. For example, Public Citizen expects that one or more of its Freedom of Information Act (FOIA) requests pending before various federal agencies will not be resolved at the agency level and that Public Citizen will file suit concerning one or more of those FOIA requests in the coming months.

6. Defendant Clerk, United States District Court for the District of Columbia, is responsible for accepting filing fees for new district court cases in the District of Columbia and, conversely, for rejecting cases presented for filing without the required filing fee.

## DEFICIT REDUCTION ACT OF 2005

7. In the fall of 2005, the House and Senate passed different versions of a budget bill referred to as S. 1932.

8. To reconcile the differences between the House and Senate bills, the legislation was sent to a House-Senate Conference Committee. The bill was modified in conference, and the final conference report was filed on December 19, 2005.

9. On December 19, 2005, the House passed the conference report on S. 1932 by a vote of 212 to 206.

10. On December 19, 20, and 21, 2005, the Senate considered the conference report. Several points of order were raised against the report and sustained as violating the rules of the congressional budget process. A motion was made to waive the points of order, but the motion was defeated. As a result, the conference report did not pass in the Senate.

11. On December 21, 2005, the Senate passed an amended version of S. 1932 that omitted the items that gave rise to the points of order. The bill passed 51 to 50, with Vice President Cheney casting the tie-breaking vote.

12. On information and belief, when the Senate clerk transmitted S. 1932, as amended, to the House, the Senate clerk made a substantive change to section 5101 of the bill: He altered the duration of Medicare payments for certain durable medical equipment, stated as 13 months in the version passed by the Senate, to 36 months.

13. On February 1, 2006, the House voted on the version of S. 1932 that contained the clerk's error and that, therefore, was not identical to the version of the bill passed by the Senate. The House passed S. 1932, with the clerk's error, by a vote of 216 to 214.

14. Because the legislation originated in the Senate, the House returned the legislation to the Senate for transmission to the President for his signature. On information and belief, at this point, a Senate clerk altered the legislation passed by the House by changing the provision that

provided for 36 months of payment for certain durable medical equipment back to the 13 months approved by the Senate.

15. The version of S. 1932 transmitted to the President was the version passed by the Senate, but not by the House. As part of the transmittal of S. 1932 to the President, House Speaker Dennis Hastert and president pro tem of the Senate Ted Stevens signed a statement attesting that the legislation had been passed by both the House and the Senate, but that was not true.

16. On February 8, 2006, president Bush signed the bill that was passed by the Senate, but not by the House.

## INJURY

17. Sec. 10001 of the Act provides for an increase, from $250 to $350, in the filing fee for civil actions filed in a United States district court.

18. Clerks in the United States district courts will not permit parties to file civil complaints without payment of required filing fees.

19. Plaintiff, through counsel, has been informed by communication from the United States District Court for the District of Columbia that the fee increase will take effect on April 9, 2005.

20. Without the relief requested, plaintiff will be required to pay increased filing fees each time it initiates a civil suit in the district court, beginning on April 9, 2006.

## FIRST CAUSE OF ACTION

(For violation of United States Constitution)

21. Plaintiff incorporates paragraphs 1 through 20, as though fully set forth here.

4

22. The Bicameral Clause of the United States Constitution, article 1, section 7, provides that "Every Bill [must] have passed the House of Representatives and the Senate" before it becomes a law.

23. The Act signed by the President was never passed by the House of Representatives. The Act therefore violates article 1, section 7 of the Constitution.

WHEREFORE, Plaintiff prays for

(A) An order declaring that the Act is unconstitutional,

(B) An order enjoining the Clerk of the United States District Court for the District of Columbia to accept for filing civil complaints accompanied by payment of the $250 fee currently required under 28 U.S.C. § 1914(a),

(C) An award of attorney fees and costs pursuant to 28 U.S.C. § 2412,

(D) Such other relief as the Court may deem just and proper.

Dated: March 21, 2006

Respectfully submitted,

_____
Allison M. Zieve (D.C. Bar No. 424786)
Adina H. Rosenbaum (D.C. Bar No. 490928)
Brian Wolfman (D.C. Bar No. 427491)
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009
(202) 588-1000

Counsel for Plaintiff
Public Citizen