PUBLIC LAW 109-171

S. 1932



# One Hundred Ninth Congress
## of the
## United States of America

**AT THE SECOND SESSION**

*Begun and held at the City of Washington on Tuesday,
the third day of January, two thousand and six*

# An Act

To provide for reconciliation pursuant to section 202(a) of the concurrent resolution on the budget for fiscal year 2006 (H. Con. Res. 95).

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

**SECTION 1. SHORT TITLE.**

This Act may be cited as the "Deficit Reduction Act of 2005".

**SEC. 2. TABLE OF TITLES.**

The table of titles is as follows:

TITLE I—AGRICULTURE PROVISIONS
TITLE II—HOUSING AND DEPOSIT INSURANCE PROVISIONS
TITLE III—DIGITAL TELEVISION TRANSITION AND PUBLIC SAFETY
TITLE IV—TRANSPORTATION PROVISIONS
TITLE V—MEDICARE
TITLE VI—MEDICAID AND SCHIP
TITLE VII—HUMAN RESOURCES AND OTHER PROVISIONS
TITLE VIII—EDUCATION AND PENSION BENEFIT PROVISIONS
TITLE IX—LIHEAP PROVISIONS
TITLE X—JUDICIARY RELATED PROVISIONS

## TITLE I—AGRICULTURE PROVISIONS

**SECTION 1001. SHORT TITLE.**

This title may be cited as the "Agricultural Reconciliation Act of 2005".

### Subtitle A—Commodity Programs

**SEC. 1101. NATIONAL DAIRY MARKET LOSS PAYMENTS.**

(a) AMOUNT.—Section 1502(c) of the Farm Security and Rural Investment Act of 2002 (7 U.S.C. 7982(c)) is amended by striking paragraph (3) and inserting the following new paragraph:

"(3)(A) during the period beginning on the first day of the month the producers on a dairy farm enter into a contract under this section and ending on September 30, 2005, 45 percent;

"(B) during the period beginning on October 1, 2005, and ending on August 31, 2007, 34 percent; and

S. 1932—34

characteristics of the diagnosis to determine the appropriate placement of such patient in a post-acute care site. The Secretary shall use a standardized patient assessment instrument across all post-acute care sites to measure functional status and other factors during the treatment and at discharge from each provider. Participants in the program shall provide information on the fixed and variable costs for each individual. An additional comprehensive assessment shall be provided at the end of the episode of care.

(2) NUMBER OF SITES.—The Secretary shall conduct the demonstration program under this section with sufficient numbers to determine statistically reliable results.

(3) DURATION.—The Secretary shall conduct the demonstration program under this section for a 3-year period.

(b) WAIVER AUTHORITY.—The Secretary may waive such requirements of titles XI and XVIII of the Social Security Act (42 U.S.C. 1301 et seq.; 42 U.S.C. 1395 et seq.) as may be necessary for the purpose of carrying out the demonstration program under this section.

(c) REPORT.—Not later than 6 months after the completion of the demonstration program under this section, the Secretary shall submit to Congress a report on such program, that includes the results of the program and recommendations for such legislation and administrative action as the Secretary determines to be appropriate.

(d) FUNDING.—The Secretary shall provide for the transfer from the Federal Hospital Insurance Trust Fund established under section 1817 of the Social Security Act (42 U.S.C. 1395i), $6,000,000 for the costs of carrying out the demonstration program under this section.

## Subtitle B—Provisions Relating to Part B

### CHAPTER 1—PAYMENT PROVISIONS

SEC. 5101. BENEFICIARY OWNERSHIP OF CERTAIN DURABLE MEDICAL EQUIPMENT (DME).

(a) DME.—

(1) IN GENERAL.—Section 1834(a)(7)(A) of the Social Security Act (42 U.S.C. 1395m(a)(7)(A)) is amended to read as follows:

"(A) PAYMENT.—In the case of an item of durable medical equipment not described in paragraphs (2) through (6), the following rules shall apply:

"(i) RENTAL.—

"(I) IN GENERAL.—Except as provided in clause (iii), payment for the item shall be made on a monthly basis for the rental of the item during the period of medical need (but payments under this clause may not extend over a period of continuous use (as determined by the Secretary) of longer than 13 months).

"(II) PAYMENT AMOUNT.—Subject to subparagraph (B), the amount recognized for the item, for each of the first 3 months of such period, is 10 percent of the purchase price recognized under

S. 1932—35

paragraph (8) with respect to the item, and, for each of the remaining months of such period, is 7.5 percent of such purchase price.

"(ii) OWNERSHIP AFTER RENTAL.—On the first day that begins after the 13th continuous month during which payment is made for the rental of an item under clause (i), the supplier of the item shall transfer title to the item to the individual.

"(iii) PURCHASE AGREEMENT OPTION FOR POWER-DRIVEN WHEELCHAIRS.—In the case of a power-driven wheelchair, at the time the supplier furnishes the item, the supplier shall offer the individual the option to purchase the item, and payment for such item shall be made on a lump-sum basis if the individual exercises such option.

"(iv) MAINTENANCE AND SERVICING.—After the supplier transfers title to the item under clause (ii) or in the case of a power-driven wheelchair for which a purchase agreement has been entered into under clause (iii), maintenance and servicing payments shall, if the Secretary determines such payments are reasonable and necessary, be made (for parts and labor not covered by the supplier's or manufacturer's warranty, as determined by the Secretary to be appropriate for the particular type of durable medical equipment), and such payments shall be in an amount determined to be appropriate by the Secretary.".

(2) EFFECTIVE DATE.—The amendment made by paragraph (1) shall apply to items furnished for which the first rental month occurs on or after January 1, 2006.

(b) OXYGEN EQUIPMENT.—

(1) IN GENERAL.—Section 1834(a)(5) of such Act (42 U.S.C. 1395m(a)(5)) is amended—

(A) in subparagraph (A), by striking "and (E)" and inserting "(E), and (F)"; and

(B) by adding at the end the following new subparagraph:

"(F) OWNERSHIP OF EQUIPMENT.—

"(i) IN GENERAL.—Payment for oxygen equipment (including portable oxygen equipment) under this paragraph may not extend over a period of continuous use (as determined by the Secretary) of longer than 36 months.

"(ii) OWNERSHIP.—

"(I) TRANSFER OF TITLE.—On the first day that begins after the 36th continuous month during which payment is made for the equipment under this paragraph, the supplier of the equipment shall transfer title to the equipment to the individual.

"(II) PAYMENTS FOR OXYGEN AND MAINTENANCE AND SERVICING.—After the supplier transfers title to the equipment under subclause (I)—

"(aa) payments for oxygen shall continue to be made in the amount recognized for oxygen under paragraph (9) for the period of medical need; and

S. 1932—36

"(bb) maintenance and servicing payments shall, if the Secretary determines such payments are reasonable and necessary, be made (for parts and labor not covered by the supplier's or manufacturer's warranty, as determined by the Secretary to be appropriate for the equipment), and such payments shall be in an amount determined to be appropriate by the Secretary.".

(2) EFFECTIVE DATE.—

(A) IN GENERAL.—The amendments made by paragraph (1) shall take effect on January 1, 2006.

(B) APPLICATION TO CERTAIN INDIVIDUALS.—In the case of an individual receiving oxygen equipment on December 31, 2005, for which payment is made under section 1834(a) of the Social Security Act (42 U.S.C. 1395m(a)), the 36-month period described in paragraph (5)(F)(i) of such section, as added by paragraph (1), shall begin on January 1, 2006.

**SEC. 5102. ADJUSTMENTS IN PAYMENT FOR IMAGING SERVICES.**

(a) MULTIPLE PROCEDURE PAYMENT REDUCTION FOR IMAGING EXEMPTED FROM BUDGET NEUTRALITY.—Section 1848(c)(2)(B) of the Social Security Act (42 U.S.C. 1395w–4(c)(2)(B)) is amended—

(1) in clause (ii)(II), by striking "clause (iv)" and inserting "clauses (iv) and (v)";

(2) in clause (iv) in the heading, by inserting "OF CERTAIN ADDITIONAL EXPENDITURES" after "EXEMPTION"; and

(3) by adding at the end the following new clause:

"(v) EXEMPTION OF CERTAIN REDUCED EXPENDITURES FROM BUDGET-NEUTRALITY CALCULATION.—The following reduced expenditures, as estimated by the Secretary, shall not be taken into account in applying clause (ii)(II):

"(I) REDUCED PAYMENT FOR MULTIPLE IMAGING PROCEDURES.—Effective for fee schedules established beginning with 2007, reduced expenditures attributable to the multiple procedure payment reduction for imaging under the final rule published by the Secretary in the Federal Register on November 21, 2005 (42 CFR 405, et al.) insofar as it relates to the physician fee schedules for 2006 and 2007.".

(b) REDUCTION IN PHYSICIAN FEE SCHEDULE TO OPD PAYMENT AMOUNT FOR IMAGING SERVICES.—Section 1848 of such Act (42 U.S.C. 1395w–4) is amended—

(1) in subsection (b), by adding at the end the following new paragraph:

"(4) SPECIAL RULE FOR IMAGING SERVICES.—

"(A) IN GENERAL.—In the case of imaging services described in subparagraph (B) furnished on or after January 1, 2007, if—

"(i) the technical component (including the technical component portion of a global fee) of the service established for a year under the fee schedule described in paragraph (1) without application of the geographic

S. 1932—180

(1) IN GENERAL.—Except as otherwise provided in this subsection, the amendments made by this section shall apply to plan years beginning after December 31, 2005.

(2) PREMIUM RATE FOR CERTAIN TERMINATED SINGLE-EMPLOYER PLANS.—

(A) IN GENERAL.—Except as provided in subparagraph (B), the amendment made by subsection (b) shall apply to plans terminated after December 31, 2005.

(B) SPECIAL RULE FOR PLANS TERMINATED IN BANKRUPTCY.—The amendment made by subsection (b) shall not apply to a termination of a single-employer plan that is terminated during the pendency of any bankruptcy reorganization proceeding under chapter 11 of title 11, United States Code (or under any similar law of a State or political subdivision of a State), if the proceeding is pursuant to a bankruptcy filing occurring before October 18, 2005.

# TITLE IX—LIHEAP PROVISIONS

SEC. 9001. FUNDING AVAILABILITY.

(a) IN GENERAL.—In addition to amounts otherwise made available, there are appropriated, out of any money in the Treasury not otherwise appropriated, to the Secretary of Health and Human Services for a 1-time only obligation and expenditure—

(1) $250,000,000 for fiscal year 2007 for allocation under section 2604(a) through (d) of the Low-Income Home Energy Assistance Act of 1981 (42 U.S.C. 8623(a) through (d)); and

(2) $750,000,000 for fiscal year 2007 for allocation under section 2604(e) of the Low-Income Home Energy Assistance Act of 1981 (42 U.S.C. 8623(e)).

(b) SUNSET.—The provisions of this section shall terminate, be null and void, and have no force and effect whatsoever after September 30, 2007. No monies provided for under this section shall be available after such date.

# TITLE X—JUDICIARY RELATED PROVISIONS

## Subtitle A—Civil Filing Adjustments

SEC. 10001. CIVIL CASE FILING FEE INCREASES.

(a) CIVIL ACTIONS FILED IN DISTRICT COURTS.—Section 1914(a) of title 28, United States Code, is amended by striking "$250" and inserting "$350".

(b) APPEALS FILED IN COURTS OF APPEALS.—The $250 fee for docketing a case on appeal or review, or docketing any other proceeding, in a court of appeals, as prescribed by the Judicial Conference, effective as of January 1, 2005, under section 1913 of title 28, United States Code, shall be increased to $450.

(c) EXPENDITURE LIMITATION.—Incremental amounts collected by reason of the enactment of this section shall be deposited in a special fund in the Treasury to be established after the enactment

S. 1932—181

of this Act. Such amounts shall be available for the purposes specified in section 1931(a) of title 28, United States Code, but only to the extent specifically appropriated by an Act of Congress enacted after the enactment of this Act.

(d) EFFECTIVE DATE.—This section and the amendment made by this section shall take effect 60 days after the date of the enactment of this Act.

## Subtitle B—Bankruptcy Fees

SEC. 10101. BANKRUPTCY FEES.

(a) BANKRUPTCY FILING FEES.—Section 1930(a) of title 28, United States Code, is amended—

(1) in paragraph (1)—

(A) in subparagraph (A) by striking "$220" and inserting "$245"; and

(B) in subparagraph (B) by striking "$150" and inserting "$235"; and

(2) in paragraph (2) by striking "$1,000" and inserting "$2,750".

(b) EXPENDITURE LIMITATION.—Incremental amounts collected by reason of the amendments made by subsection (a) shall be deposited in a special fund in the Treasury to be established after the enactment of this Act. Such amounts shall be available for the purposes specified in section 1931(a) of title 28, United States Code, but only to the extent specifically appropriated by an Act of Congress enacted after the enactment of this Act.

(c) EFFECTIVE DATE.—This section and the amendments made by this section shall take effect 60 days after the date of the enactment of this Act.

*Speaker of the House of Representatives.*

~~Vice President of the United States and~~ *President of the Senate.* Pro Tempore

**APPROVED**

FEB - 8 2006