UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ONESIMPLELOAN, CARINA D. BALL and
NATHAN BAZYK,

       Plaintiffs,    **ORDER**

  -against-        06 Civ. 2979 (RMB)

U.S. SECRETARY OF EDUCATION and
SECRETARY'S REGIONAL
REPRESENTATIVE FOR REGION II,

       Defendants.
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/06
```

### I. Background

On or about April 18, 2006, Plaintiffs OneSimpleLoan, Carina D. Ball, and Nathan Bazyk ("Plaintiffs") filed a complaint ("Complaint") against the U.S. Secretary of Education ("Secretary") and the Secretary's Regional Representative for Region II, which includes New York ("Defendants"), alleging, under Count I, that the Defendants prematurely and unlawfully terminated so-called two-step loan reconsolidations and, under Count II, that the Deficit Reduction Omnibus Act of 2005, P.L. 109-171 (the "DRA") is unconstitutional because somewhat differing versions of the DRA were allegedly passed by the House of Representatives and the Senate before it was signed into law by the President of the United States on or about February 8, 2006. Familiarity with the underlying facts of this case is assumed.

On June 9, 2006, the Court issued a Decision and Order ("Decision and Order") (1) dismissing Plaintiffs' claims under Count I "insofar as they seek injunctive relief, or (injunctive) relief "in the nature of a mandamus"; (2) denying Defendants' motion to dismiss and Plaintiffs' motion for summary judgment on Plaintiffs' claims "under Count I for declaratory relief and for relief under the [Administrative Procedures Act]"; and (3) granting Defendants' motion to

dismiss Count II. (Decision and Order at 18.) On June 12, 2006, Plaintiffs filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit ("June 12 Notice").

On or about June 15, 2006, Congress passed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Hurricane Recovery, 2006, P.L. 109-239 ("ESA"), which contained a provision repealing the so-called "Single Holder Rule," effective June 15, 2006. The parties argue that the passage of the ESA caused Count I of the Complaint – which centered on the Department of Education's allegedly improper enforcement of the Single Holder Rule – to become moot. (See Plaintiffs' Post-Appeal Reply Memorandum Regarding Count II ("Reply") at 1 ("Count 1, in its entirety, was rendered moot by the passage of the [ESA]. . .") A second Notice of Appeal was filed with the Court of Appeals on June 26, 2006 ("June 26 Notice").

On June 27, 2006, a conference was held at which the Court directed the parties to re-brief the issue of Plaintiffs' standing to pursue Count II in light of the ESA, which had not been resolved by the Court in the Decision and Order. (See Decision and Order at 17 ("Assuming, without deciding, that Plaintiffs may have suffered 'an injury in fact' . . ."); Transcript of Proceedings dated June 27, 2006 ("Tr.").) It had been the Court's intention to decide the standing issue on Count II, after resolving the open Count I issues.

In their Post-Appeal Memorandum Regarding Count II dated July 7, 2006 ("Pl. Mem."), Plaintiffs argue that "[t]ransfer of jurisdiction to the Court of Appeals precludes this Court from taking any substantive action in respect to the subject of the appeal, including supplementing or modifying the Decision and Order being appealed." (Pl. Mem. at 7.) Defendants, in response, argue, among other things, that "[t]his Court retains jurisdiction to address standing issues as to Count II," and that both the individual Plaintiffs and OneSimpleLoan cannot demonstrate

- 2 -

standing to pursue Count II. (Defendants' Memorandum Regarding Standing dated July 18, 2006 ("Def. Mem.") at 1, 9-17.)

For the following reasons, the Court finds that Plaintiffs do not have standing to challenge the DRA.

## II. Legal Standard

"The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" United States v. Hays, 515 U.S. 737, 742 (U.S. 1995) (quoting FW/PBS, Inc. v. Dallas, 493 U.S. 215, 230-231 (1990).)

"The irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (internal citations and quotations omitted.)

## III. Analysis

### Jurisdiction Following Notice of Appeal

As a preliminary matter, the Court believes that it retains jurisdiction to determine whether Plaintiffs have standing to pursue Count II because the Decision and Order, which did not dispose of all of Plaintiffs' claims, was not a final order. (See Decision and Order at 18 ("As

to Plaintiffs' claims under Count I for declaratory relief and for relief under the APA, both Defendants' motion to dismiss and Plaintiffs' motion for summary judgment are denied.").) See Satcom Int'l Group PLC v. Orbcomm Int'l Partners, 55 F. Supp. 2d 231, 234 (S.D.N.Y. 1999). The Decision and Order perceived a link between Counts I and II based on Defendants' (persuasive) argument that "if the Court finds . . . that the Department has properly barred Plaintiffs' two-step refinancing under the law as it existed prior to the DRA [i.e., if Plaintiffs succeed on Count I], the Plaintiffs will lack standing to pursue Count II." (Decision and Order at 15.) Moreover, "the divestiture of jurisdiction rule is . . . not a per se rule." United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996). Rather, "it is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.' Hence, its application is guided by concerns of efficiency and is not automatic." Id. (internal citations omitted).

**Standing**

As to the individual Plaintiffs, Defendants are unopposed in arguing that, with respect to Count II, "[they] have demonstrated the 'injury in fact' and 'causation' elements of standing, but cannot demonstrate 'redressability' because the remedy for the constitutional violation they allege would be simply to [sever] the one provision of the DRA that allegedly was not approved by both Houses of Congress." (Def. Mem. at 1.) They have not shown that it would "be likely, as opposed to merely speculative that that the injury will be redressed by a favorable decision." Lujan, 504 U.S. at 561. As the Court stated in the July 9 Order, "If the DRA were held unconstitutional, Congress might not choose to change the restrictions allegedly placed on the two-step loan reconsolidation process . . . It may be equally probable that Congress would resolve the Medicare equipment discrepancy . . . and pass an otherwise identical bill." (Decision

and Order at 17.) Plaintiffs have not shown "that the 'prospect of obtaining relief from the injury as a result of a favorable ruling' is not 'too speculative.'" Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 663-664 (1993) (quoting Allen v. Wright, 468 U.S. 737, 752 (1984)).

Defendants are also unopposed in arguing that OneSimpleLoan, with respect to Count II, "lacks standing because it cannot satisfy the 'injury in fact' requirement . . . [because] the principal harm asserted by OneSimpleLoan is nothing more than the lost opportunity to recommend this particular type of student-loan refinancing to its customers. Although OneSimpleLoan asserts that it suffers harm as a student loan lender, that is incorrect: OneSimpleLoan admits that it is not a student loan program lender, but merely an investor in a trust that makes such loans."[1] (Def. Mem. at 17 (internal citations omitted).)

In addition to the Constitutional standing requirements, "[t]he Supreme Court has noted, as a 'prudential principle[ ][,] . . . that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" Connecticut v. Physicians Health Servs. of Connecticut, Inc., 287 F.3d 110, 116 (quoting Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 474 (1982)). As "merely an investor in a trust that makes [student loans]," (Def. Mem. at

---

[1] Although OneSimpleLoan has stated in the course of this litigation that it is, in fact, "a lender, having U.S. Department of Education Lender Identification Number 834205," (Reply Declaration of Paul J. Simino dated May 10, 2006, ¶ 3), it does not refute Defendants' assertion that this lender number "was issued to Deutsche Bank [and] . . . Deutsche Bank, not OneSimpleLoan, is the responsible lender for FFEL Program purposes." (Defendants' Memorandum of Law in Opposition to Plaintiffs' Amended Motion for Summary Judgment and for a Preliminary Injunction Pending Final Judgment and in Support of Defendants' Cross-Motion to Dismiss at 20, n.9.) OneSimpleLoan has earlier described itself as "a student loan marketing company" with a "corporate mission," among other things, "to [ ] provide each of its clients with unbiased and objective recommendations about his or her student loan consolidation package." (Declaration of Paul J. Simino dated April 17, 2006, ¶ 5, 8.)

Aug-09-06 10:58am From- to Wiemeyer et al 2123444284 T-730 P.008/008 F-863
Case 1:06-cv-00523-JDB Document 14-2 Filed 08/09/2006 Page 6 of 6
08/09/06 09:52 FAX JUDGE BERMAN ☒008

17), OneSimpleLoan appears not to have "personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Burns v. Warwick Valley Central School Dist., 166 F. Supp. 2d 881, 888 (S.D.N.Y. 2001) (citation omitted). Even assuming, arguendo, that OneSimpleLoan could demonstrate injury in fact, it, like the individual Plaintiffs, cannot meet the requirement of redressability. See Lujan, 504 U.S. at 561.

In sum, the Court holds that neither the individual Plaintiffs nor OneSimpleLoan have standing to challenge the constitutionality of the DRA. And, as stated in the Decision and Order, even if Plaintiffs could demonstrate standing, "Count II is subject to dismissal under the Enrolled Bill Rule announced in Field v. Clark [143 U.S. 649 (1982)]." (See Decision and Order at 17.)

## IV. Decision & Order

For the reasons stated, Count I is dismissed as moot and the Court's previous dismissal of Count II in its Decision and Order dated June 9, 2006 is modified to reflect Plaintiffs' lack of standing. The Clerk is respectfully requested to close this case.

Dated: New York, NY
August 9, 2006

_____
RICHARD M. BERMAN, U.S.D.J.